IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ELOISE WOODS,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>EQUITY RESIDENTIAL, *et al.*,<br>　　　　　Defendants. | Case No.: 1:23-cv-00013 (MSN/LRV) |

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. Nos. 4, 5) ("TRO Mot."), Plaintiff's Motion for Entry of Default Judgment (Dkt. No. 23), and Defendants' Motion to Dismiss (Dkt. No. 20).

On January 4, 2023, Plaintiff filed a Complaint (Dkt. No. 1) ("Compl.") alleging that Defendants Equity Residential, Equity Residential Management, LLC, and various individuals who work for the company defendants failed to properly investigate her complaints related to smoking in the apartment building in which she maintained a rental residence. She alleges Defendants violated 42 USC §§ 1981, 1982, as well as various state laws. Compl. at 2. On January 4, 2023, Plaintiff filed the TRO Motion seeking to stay eviction from her residence. On April 10, 2023, Defendants moved to dismiss the Complaint. And on April 26, 2023, Plaintiff moved for entry of default judgment against Defendants.

**I.　TRO / PRELIMINARY INJUNCTION MOTION**

The Court first addresses the TRO Motion. Before evaluating the merits of the motion, the Court must, as a threshold matter, evaluate whether it has the authority to grant the relief sought. The Court concludes that the Anti-Injunction Act prohibits the Court from granting the relief

1

Plaintiff seeks. In November 2022, Defendant Equity Residential Management LLC filed an unlawful detainer action against Plaintiff in state court; judgment in that action was entered in favor of Equity Residential Management LLC, and a writ of eviction was issued in December 2022. *See* TRO Mot. at 3 (identifying prior proceeding in state court). The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Here, entering a TRO or preliminary injunction that stays a state court's writ of eviction falls within the purview of the Act because such an order would prevent the effectuation of the state court's judgment. *Mayo v. Wells Fargo Bank, N.A.*, No. 4:13CV163, 2014 WL 504719, at *2 (E.D. Va. Feb. 7, 2014); *Roggio v. Fed. Deposit Ins. Corp.*, 313 F. Supp. 3d 129, 134-35 (D.D.C. 2018). None of the limited exceptions to the Act applies here. Because the Anti-Injunction Act prohibits the Court from granting the injunctive relief Plaintiff requests, the Court need not assess whether Plaintiff has satisfied the standard for a TRO or preliminary injunction, and the TRO Motion is denied.

## II. MOTION FOR DEFAULT JUDGMENT

The Court next turns to Plaintiff's Motion for Default Judgment. Under Rule 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The earliest that any Defendant was served with the Complaint was February 28, 2023, *see* (Dkt. No. 15); (Dkt. No. 23 at 3), and the earliest that any Defendant was required to file a response was March 21, 2023, Fed. R. Civ. P. 12(a)(1)(A), (a)(4). Before that deadline, the Court, upon Defendants' request, extended the deadline by which Defendants were to file their responsive pleading to April 10, 2023. (Dkt. No. 14). After the Court

had already entered that order, Plaintiff filed an opposition to the extension request. (Dkt. No. 16). Defendants thereafter timely filed their Rule 12(b) Motion. Contrary to Plaintiff's assertion, therefore, Defendants have not failed to defend this action. Accordingly, there is no basis for entering Rule 55 default judgment against Defendants, and Plaintiff's Motion for Default Judgment is denied. Additionally, Defendants request recovery of the attorney's fees and costs for responding to Plaintiff's Motion for Default Judgment. *See* (Dkt. No. 28 at 5–6). Although Plaintiff's Motion for Default Judgment borders on the frivolous, the Court declines Defendants' request, as it finds that *pro se* Plaintiff's motion is not clearly frivolous, meritless, or vexatious.

### III.    MOTION TO DISMISS

Finally, the Court addresses Defendants' Motion to Dismiss Plaintiff's Complaint. (Dkt. No. 20) ("Mot. to Dismiss"). Defendants move to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. The Court agrees that Plaintiff has failed to sufficiently plead facts to support any of the causes of action alleged in the Complaint, and that the Complaint must be dismissed pursuant to Rule 12(b)(6).[1]

Plaintiff alleges that Defendants violated 42 U.S.C. § 1981, which prohibits race discrimination in the making and enforcing of contracts, and 42 U.S.C. § 1982, which prohibits race discrimination as to real and personal property. According to Plaintiff, Defendants have treated her differently from white residents with regard to the terms, conditions, application, and enforcement of their leases. Compl. at 21. Plaintiff does not allege her race in the Complaint, but in her TRO Motion states that she is an African-American woman. *See* TRO Mot. at 1.

To state a claim for relief under either § 1981 or § 1982, a plaintiff must allege facts from which the Court can plausibly infer that a defendant intentionally discriminated against the plaintiff

---

[1]    The Court comes to this conclusion even with the benefit of a liberal construction of the pleadings that Plaintiff is afforded given her *pro se* status. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

3

on the basis of race. *See Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 617 (1987); *Gen. Bldg. Contractors Ass'n, Inc. v. Penn.*, 458 U.S. 375, 391 (1982) (§ 1981 can only be violated by purposeful discrimination); *White v. City of Annapolis*, 439 F. Supp. 3d 522, 541-42 (D. Md. 2020) (stating a claim under § 1982 requires "discriminatory intent on the part of the defendant"). Here, Plaintiff's conclusory assertion that Defendants acted with racial animus is supported only by speculation. In her Complaint, Plaintiff recites at length a dispute with Defendants concerning the issue of smoke in her residence, but the Complaint is completely devoid of any facts suggesting that Defendants' statements or conduct were a result of discriminatory intent by Defendants. That Plaintiff is African-American, on the one hand, and the individual Defendants and other persons with whom she interacted were white, on the other hand, cannot, without more, state a claim for relief under § 1981 or § 1982. Accordingly, Plaintiff has failed to allege any facts that plausibly suggest that Defendants' actions with respect to Plaintiff's lease were motivated by race. In the absence of such facts, the court must dismiss Plaintiff's § 1981 and § 1982 claims. *See Sewraz v. Nguyen*, No. 3:08-cv-90, 2011 WL 201487, at * 12 (E.D. Va. Jan. 20, 2011) (dismissing §§ 1981 and 1982 claims where only fact in support of claims was the respective races of the parties); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" and "naked assertions devoid of further factual enhancement" are insufficient).[2]

---

[2] Defendants also argue for dismissal under Rule 12(b)(5) for insufficient service of process. Because the Court dismisses the Complaint under Rule 12(b)(6), the Court declines to address Defendants' argument under Rule 12(b)(5). The Court notes, in any event, that "dismissal of an action against a defendant under Rule 12(b)(5) for insufficiency of service is within the discretion of the court and will not necessarily be granted where," as here, Defendants ultimately received the Complaint, had adequate notice of *pro se* Plaintiff's claims, and therefore "there is no prejudice to the [D]efendant[s]." *See Cellular Sales of Knoxville, Inc. v. Chapman*, No. 1:19CV768, 2020 WL 32992, at *3 (M.D.N.C. Jan. 2, 2020) (cleaned up).

Plaintiff also alleges a violation of Virginia Fair Housing Law (Va. Code Ann. § 36-96.3) ("VFHL") and Arlington County Human Rights Code (code § 31-3(A)(1)(b)).[3] Compl. ¶¶ 2, 35(iv). As discussed above, Plaintiff has failed to allege any facts from which this Court could plausibly infer that Defendants' actions were motivated by discriminatory purpose or had a disparate impact, warranting dismissal of these claims under Rule 12(b)(6). *See Sudduth v. Vasquez*, No. 1:08CV1106, 2009 WL 211572, at *2 (E.D. Va. Jan. 26, 2009) (dismissing Fair Housing Act ("FHA") claim where plaintiff made only "conclusory allegations of discriminatory conduct, without any factual support").[4]

The Court also dismisses Plaintiff's claims arising under the Virginia Residential Landlord Tenant Act, *see* Compl. ¶¶ 2, 35(v) ("VRLTA"), for failure to state a claim for relief. Under the VRLTA, "a landlord may not retaliate by increasing rent or decreasing services or by bringing or threatening to bring an action of possession or by causing a termination of the rental agreement . . . after [the landlord] has knowledge that . . . the tenant has made a complaint to or filed an action against the landlord for a violation of any provision" of the VRLTA. Va. Code Ann. § 55.1-1258(A)(i). Although Plaintiff alleges that her rent increased by $264 and there was a "decrease in services" after her complaints to Defendants about smoke in the residence, *see* Compl. ¶¶ 33(A)(vii), 35(v), Plaintiff does not allege that the rent increases were related to or retaliation for any alleged complaints Plaintiff made. *See* Compl. ¶ 35(v). Nor does Plaintiff specify which services provided by Defendants were decreased or taken away or that any reduction was in retaliation for her complaints.

---

[3] Very few cases address the Arlington County Human Rights Code cited by Plaintiff, but the Court notes that the section of the Arlington County Human Rights Code cited by Plaintiff mirrors those codified in VHFL § 36-96.3; accordingly, the Court assumes that the failure to sufficiently allege a violation of the VFHL constitutes a failure to sufficiently allege a violation of the Arlington County Human Rights Code.

[4] Because "the VFHL largely tracks the FHA . . . the parallel claims are analyzed under the same standards." *Matarese v. Archstone Communities, LLC*, 468 F. App'x 283, 284 (4th Cir. 2012).

Finally, the Court will dismiss Plaintiff's alleged violation of the Virginia Consumer Protection Act. *See* Compl. ¶¶ 2, 37(iii) (alleging violation of Virginia Code § 59.1-200(A)(13), (14)). Virginia Code § 59.1-200(A) applies to "fraudulent acts or practices," and Plaintiff has failed to allege fraud by Defendants or any facts from which this Court can infer any such fraudulent conduct might have occurred. Accordingly, Plaintiff has failed to state a claim for relief under these provisions of the Virginia Consumer Protection Act.

### IV.  CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that the Motions for a Temporary Restraining Order (Dkt. No. 4) and for Preliminary Injunction (Dkt. No. 5) are **DENIED**; it is further

**ORDERED** that the Motion for Entry of Default Judgment (Dkt. No. 23) is **DENIED**; it is further

**ORDERED** that the Motion to Dismiss (Dkt. No. 20) is **GRANTED**; and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED**.

\*   \*   \*

Should plaintiff wish to appeal this Memorandum Opinion & Order, plaintiff must file a written notice of appeal with the Clerk of this Court within thirty (30) days of the date of the entry of this Memorandum Opinion & Order. A written notice of appeal is a short statement stating a desire to appeal an order and identifying the date of the order plaintiff wants to appeal. Failure to file a notice of appeal within the stated period waives plaintiff's right to appeal this Memorandum Opinion & Order.

The Clerk is directed to forward copies of the Memorandum Opinion & Order to plaintiff *pro se*, and to close this civil action.

                                                      /s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
August 28, 2023